UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 20-cr-222 (ABJ) |
| | : | |
| **DEMETRIUS GREEN** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests the Court deny Defendant's Motion for Reconsideration of Pretrial Detention as follows:

Defendant Green has already been found to be a danger to the Community, was subsequently released, was then revoked for a gross failure to comply with home detention, and was denied release by this Court back in April. Defendant now moves for reconsideration of his pretrial detention by alleging that three sets of facts[1] weigh in favor of his release.

The Court should deny Defendant's motion because he is a danger to the community who is unlikely to abide by any conditions of release the Court may impose. The three sets of facts alleged by Defendant are insufficient to overcome the two presumptions of detention in this case, as well as Defendant's demonstrated history of violating conditions of release. Accordingly, the Court should deny Defendant's motion for reconsideration of his pretrial detention.

---

[1] Defendant Green alleges the following three sets of facts weigh in favor of his release: 1) his trial has been twice delayed; 2) his sister Jasmiene Green, with who he is able to stay, has moved to a new residence away from 917 Wahler Place, and 3) Mr. Green's brother has agreed to help Mr. Green secure a job upon his release.

A. **Background**

Ever since the beginning of this case, the Government has maintained that Defendant would pose a danger to the community if released. *See* ECF No. 4. After holding a detention hearing, U.S. Magistrate Judge Harvey issued a Detention Order agreeing with the Government's assessment by finding that the defendant has not presented sufficient evidence to rebut the presumption of dangerousness. ECF No. 5. In addition, U.S. Magistrate Judge Harvey found that detention was warranted based on the strength of the Government's evidence, the length of incarceration if convicted, Defendant's prior criminal history, and Defendant's participation in criminal activity while on supervision. *Id.* In explaining why home incarceration was inappropriate, Judge Harvey explained: "The undersigned is concerned that Defendant's prior convictions for drug-trafficking, the fact that the alleged conduct occurred while Defendant was on supervision in three different cases, and the fact that narcotics can be sold from inside of a residence, strongly suggest that *even home incarceration* would be insufficient to mitigate the danger to the community posed by Defendant's release." *Id.* (emphasis added).

Then, during the height of the COVID-19 pandemic, Defendant caught a break. After extensive briefing arguing for his release, with supporting applications from his *brother* and *twin sister*, on May 14, 2021, the Court issued an Order Setting Conditions of Release into the High Intensity Supervision Program. The release order included the condition of home detention (at 102 Irving Street, Apt. 201, where his *twin sister* resides), as well as an order to stay away from 917 Whaler Place (the location where Defendant was arrested and where the alleged criminal conduct in the Indictment occurred). ECF No. 17.

Despite being given what the Court acknowledged was a significant opportunity, less than a month and a half later, U.S. Probation filed a Pretrial Violation Report requesting Defendant's

removal from PSA because Defendant "exited his residence daily without seeking prior approval from PSA." ECF No. 20.

During the revocation hearing, which occurred on July 9th, a U.S. Probation Officer supplemented the previous violation report by explaining that Defendant had "not reported to pretrial services since June 22nd" and indicated that there were multiple incidents of Defendant being out until early hours in the morning, traveling to two different states (Maryland and Virginia), and being "continuously in close proximity to his stay-away [residence at 917 Whaler Place] *on an almost daily basis*." ECF No. 36 at 8 (emphasis added).

In revoking Defendant's bond, the Court explained that Defendant was given a chance to be on home detention at his sister's house, but "squandered" the opportunity by not even coming close to complying with his conditions of release. *Id.* at 10-14. The Court further stated, "I gave him some rope and he did not rise to the occasion. He failed miserably." *Id.* at 14.

On March 21, 2022, Defendant filed a second motion to revoke the Court's detention order by claiming that he should, yet again, be released into the same residence under the custody of his twin sister, by arguing that his temporary release was "necessary" for the preparation of his defense pursuant to 18 U.S.C. § 3142(i). ECF No. 42. The government opposed (ECF No. 45) and, at a hearing on April 4, 2022, the Court denied his request by, *inter alia*, emphasizing Defendant's prior violations of the Court's conditions of release.

Despite these facts, Defendant Green claims that the Court should reconsider its Detention Order base of the following three sets of facts: 1) his trial has been twice delayed; 2) his sister Jasmiene Green, with who he is able to stay, has moved to a new residence away from 917 Wahler Place, and 3) Mr. Green's brother has agreed to help Mr. Green secure a job upon his release.

3

The Court should deny Defendant's motion, without holding a hearing, because Defendant cannot overcome the two rebuttable presumptions in this case[2] that he is a danger to the community and a risk of flight/non-compliance. The "three significant changes in facts" that Defendant cites in support his motion have zero bearing on his presumption of dangerous and risk of flight/non-compliance.

### B. Legal Standard

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g).

A court may reconsider its decision regarding pretrial detention "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time and that has a material bearing on the issue" of whether there exist conditions for release that would "reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B); *accord United States v. Moore,* No. 13–330, 2014 WL 1273439, at *1 (D.D.C. Mar. 31, 2014).

### C. Argument

Judge Harvey already determined that Defendant Green could not rebut the presumptions of detention in this case and voiced significant concerns about Defendant's release. Then, in the context of COVID, when this Court gave Defendant Green a chance, he squandered the

---

2 Based on the charges in the indictment, there are two rebuttable presumptions that apply here, under 18 U.S.C. § 3142(e)(3)(A) [Controlled Substance Offense] and 18 U.S.C. § 3142(e)(3)(B) [924(c) offense].

4

opportunity be engaging in gross violations of his conditions of release by not reporting to pre-trial services, leaving his sister's residence on multiple incidents "until early hours in the morning, traveling to two different states (Maryland and Virginia), and being "continuously in close proximity to his stay-away [residence at 917 Whaler Place] *on an almost daily basis*." ECF No. 36 at 8 (emphasis added). Accordingly, this Court revoked Defendant's release and denied his last motion for release.

Defendant's current motion ignores the two presumptions in this case and fails to advance any facts which would curb Defendant's danger the community and risk of flight/non-compliance. The first factor, that the trial was continued, has zero bearing on these issues. If anything, as the Court referenced at its last pre-trial conference, the fact that we are getting closer to trial actually heightens the risk that the Defendant would flee or not comply with his conditions of release since he faces a mandatory minimum sentence of 30 years if convicted.

The second two facts advanced by Defendant (that his sister moved and that his brother may be able to help him get a job) are also irrelevant and do not support any conditions of release. Defendant Green was previously released into high-intensity supervision into the custody of his sister. Nonetheless, he repeatedly engaged in violations of his conditions of release. The fact that his sister may have moved farther away from 917 Wahler Place is of no consequence since Defendant repeatedly left the home, was in the vicinity of his "stay away", and went into multiple states. If Defendant's sister could not stop him from going into other states before, moving a few miles away would not change the calculus now. Similarly, the fact that Defendant's brother may be able to help him find a job is also irrelevant and speculative. Previously, Defendant Green was under high-intensity supervision and that was not enough to get him to comply with the Court's detention orders. Loosening the restrictions (by allowing Defendant to get or search for a job)

would only further Defendant's risk of non-compliance and serve as a greater danger to the community.

Defendant Green was already given a chance at release and squandered the opportunity. The Court should rely on his gross non-compliance in denying his current motion and hold that Defendant has not advanced any new facts to curb the presumptions that he is a danger the community and a risk of flight/non-compliance. *See, e.g., United States v. Dupree*, 833 F. Supp. 2d 241, 247 (E.D.N.Y. 2011) (rejecting release under 3142(i) because defendant "has not shown by his past conduct that he can be taken at his word to abide by any additional conditions if he were again released, and he has not rebutted the presumption that no condition or combination of conditions could reasonably assure the safety of [victim]"); *United States v. Lee*, No. CV ELH-19-159, 2020 WL 1974881, at *6 (D. Md. Apr. 24, 2020) ("[Defendant's] conduct while under pretrial supervision reflects that no proposed combination of conditions will adequately ensure the public's safety if [he] were now released. His inability to comply with his prior conditions of release weighs heavily against giving him a second bite at the apple."); *see also United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *8 (W.D. La. Jan. 18, 2013) (denying release by holding, *inter alia*, that the "Court has given the defendant that benefit before only to be disappointed by the actions of the defendant, his third party custodian and his family, *i.e.* the same people to whom he would ostensibly be released now").

WHEREFORE, the Government respectfully requests the Court DENY Defendant's Motion for Reconsideration of Pretrial Detention without holding a hearing.

    Respectfully submitted,

    MATTEW M. GRAVES
    United States Attorney
    D.C. Bar Number 481052

          /s/ David T. Henek
DAVID T. HENEK
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
555 4th Street, N.W.
Washington, D.C. 20530
N.Y. Bar No. 5109111
david.t.henek@usdoj.gov
202-252-7825

CERTIFICATE OF SERVICE

I hereby certify that on this date, this document was filed on the Court's docket using the CM/ECF system, thereby providing electronic service to all defense counsel of record.

          /s/ David T. Henek
DAVID T. HENEK
Assistant U.S. Attorney